IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Eugene Stilp, | : | |
| Plaintiff, | : | |
| vs. | : | No. |
| City of Scranton, | : | **JURY TRIAL DEMANDED** |
| Defendant. | : | |

## Complaint

Plaintiff Gene Stilp by undersigned counsel Mette, Evans & Woodside files this complaint challenging Defendant City of Scranton's open burning ordinance under the First Amendment – both facially and as applied – for suppressing expressive conduct in the form of flag burning.

### Parties

1. Plaintiff Gene Stilp ("Stilp") is an adult individual.

2. Defendant City of Scranton ("City") is a political subdivision of the Commonwealth of Pennsylvania that maintains a principal office at 340 North Washington Avenue, Scranton, Pennsylvania 18503.

### Jurisdiction and Venue

3. This Court has jurisdiction under 28 U.S.C. § 1343. This case is brought under 42 U.S.C. § 1983. Attorneys fees are authorized by 42 U.S.C. § 1988.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because the City is located in the Middle District of Pennsylvania, which is the location where a substantial part of the events or omissions giving rise to the claim occurred.

5. Plaintiff seeks both legal and equitable relief.

## Facts

6. The allegations of the foregoing paragraphs are incorporated by reference.

7. Stilp is a prominent political activist in Pennsylvania who frequently publicly protests political corruption and racial injustice.

8. Over the past several years, Stilp has publicly burned political flags in various locations throughout the United States as a means of protesting politicians and political ideologies he opposes.

9. As a part of such protests, Stilp has often burned flags bearing images and slogans supporting the policies and politics of former President Donald J. Trump.

10. On July 30, 2020, Stilp appeared at the Lackawanna County Courthouse in the City of Scranton to conduct a political demonstration during which he intended to burn three flags: a Trump campaign flag sewn together with a Nazi flag, a Trump campaign flag sewn together with a flag of the former Soviet

Union, and a Trump campaign flag sewn together with a Confederate flag ("Trump Protest Flags").

11.     Stilp's intended purpose in burning the Trump Protest Flags was to publicly oppose policies and positions espoused by then President Trump which Stilp asserts are racist and contrary to the best interests of the United States.

12.     The area in front of the main doors of the Lackawanna County Courthouse is open to the public and is a traditional public forum.

13.     As Stilp prepared to burn the Trump Protest Flags in a metal trash can he had brought for the flag-burning ceremony, approximately four law enforcement officers employed by the City stood by and observed Stilp.

14.     One officer approached Stilp and warned him not to burn the Trump Protest Flags, threatening to cite Stilp for burning the flags.  Stilp was also asked to produce his driver's license.

15.     Wishing to exercise his First Amendment rights, Stilp proceeded to ignite the first of the Trump Protest flags over the steel trash can he had brought to ensure fire safety at the protest.

16.     Upon igniting the flag, a City law enforcement officer approached Stilp and extinguished the fire as soon as it was lit, then proceeded to further spray fire extinguisher fluid inside the trash can Stilp had brought for the protest in which to burn the flags.

17. The law enforcement officer warned Stilp that if he tried to ignite another flag, it too would be extinguished.

18. The City maintains an ordinance that regulates public burning. See Chapter 146 of the Codified Ordinances of Scranton, Pennsylvania, as amended ("Codified Ordinances"). Such section and other related sections of the Codified Ordinances (§§ 146-1 -146-11) are attached as Exhibit A.

19. The City's Burn Ordinance (excerpted and re-ordered for clarity) states in relevant part the following,

§ 146-6 **Open burning prohibited.**

No person shall conduct a salvage operation or destroy refuse by open burning.

§ 146-3 **Definitions.** [Irrelevant portions omitted]

The following words, terms and phrases, when used in this chapter, unless the context clearly indicates otherwise, shall have the following meanings respectively ascribed to them:

**Open Burning** – Any unclosed fire wherein products of combustion are emitted to the open air, and are not directed thereto through a flue.

**Refuse** – Garbage, rubbish and trade waste

**Rubbish** – Solids not considered to be highly flammable or explosive, including but not limited to rags, old clothes, leather, rubber, carpets, wood, excelsior, paper, ashes, tree branches, tree leaves, yard trimmings, furniture, tin cans, glass, crockery masonry and other similar items.

§ 146-10 **Abatement of violations.**

4

The Air Pollution Control Officer may institute an action in equity for an injunction to restrain continuous violations of this chapter if the Control Officer has issued an abatement notice which is being violated and which is not then the subject of judicial review.

§ 146-11 **Violations and penalties.**

Prosecutions under this chapter shall be instituted by the Air Pollution Control Officer and shall be prosecuted in the name of the city. Any person violating any of the provisions of this chapter shall upon conviction thereof be punished as provided in § 1-16.

§ 1-16 **General penalty.**

Whenever in any provision of this Code or in any city ordinance, an act is declared unlawful or a nuisance or is prohibited, or the performance of any act is required or the failure to do any act is declared unlawful, each violation or noncompliance thereof shall, where another penalty is not otherwise provided for, subject the violator to a penalty for the violation thereof, not exceeding three hundred dollars ($300) for one offense, recoverable with costs, together with judgment of imprisonment not exceeding ninety (90) days if the amount of such judgment and costs shall not be paid; except where otherwise provided by state law.

Exhibit A.

20. The Burn Ordinance facially admits of no exception for burning flags in public protest and thus violates the First Amendment guarantee to freedom of expression. See *Texas v. Johnson,* 491 U.S. 397 (1989).

21. The Burn Ordinance is also unconstitutional as applied, because it was actually enforced against Stilp by the law enforcement officer extinguishing the burning flag.

22. Because of the actual enforcement of the Burn Ordinance against him, Stilp fears conducting further protests involving flag burning in public places within the City of Scranton.

23. In addition to issuance of a citation for a summary offense against him, Stilp also reasonably fears the prosecution of a civil action against him for abatement as the Burn Ordinance authorizes. Ordinance § 146-10.

24. Stilp desires to hold one or more additional flag burning protests within the City, including both on courthouse grounds and in public areas of the City.

25. Stilp has no adequate remedy at law for prospective enforcement of the Burn Ordinance against him.

## Count I
### Violation of Right to Free Speech (Facial Challenge)
### U.S. Const. amend. I; 42 U.S.C. § 1983

26. The averments of the foregoing paragraphs are incorporated by reference.

27. The Burn Ordinance facially violates the First Amendment and is overly broad by prohibiting the burning of flags as an act of public political protest at all times within the geographic limits of the City.

28. The Burn Ordinance facially inhibits Stilp's right to free speech by preventing him from publicly protesting through flag burning which has chilled the exercise of his free speech rights.

29. Though he desires to conduct additional flag-burning protests in the City of Scranton, Stilp has refrained from doing so out of reasonable fear of prosecution for a summary offense and also an action in abatement under the Burn Ordinance.

**WHEREFORE**, Plaintiff Gene Stilp prays the Court to:

    a. DECLARE the Burn Ordinance FACIALLY UNCONSTITUTIONAL under the First Amendment;

    b. PERMANENTLY ENJOIN enforcement of the City's Burn Ordinance; and

    c. AWARD attorneys fees pursuant to 42 U.S.C. § 1988, costs of suit and such other relief as is just and equitable.

**Count II**
**Violation of Right to Free Speech (As Applied Challenge)**
**U.S. Const. amend. I; 42 U.S.C. § 1983**

30. The averments of the foregoing paragraphs are incorporated by reference.

31. Defendant has both applied and threatened to apply the Burn Ordinance in violation of Stilp's right to free speech under the First Amendment.

32. Defendant has both applied and threatened to apply the Burn Ordinance to Stilp in an arbitrary and capricious manner by extinguishing the fire set for political demonstration.

33. Stilp is in reasonable fear of prosecution for a summary offense or an action in abatement under the Burn Ordinance if he would again attempt to burn political flags as expressive conduct, because of the actions of law enforcement officers taken against him for burning political flags on July 30, 2020.

**WHEREFORE**, Plaintiff Gene Stilp prays the Court to:

    a.    DECLARE the Burn Ordinance UNCONSTITUTIONAL AS APPLIED under the First Amendment;

    b.    PERMANENTLY ENJOIN enforcement of the City's Burn Ordinance against Plaintiff Gene Stilp; and

    **c.**    AWARD attorneys fees pursuant to 42 U.S.C. § 1988, costs of suit and such other relief as is just and equitable.

### Count III
### Violation of Right to Free Speech (Damages)
### U.S. Const. amend. I; 42 U.S.C. § 1983

34. The averments of the foregoing paragraphs are incorporated by reference.

35. Stilp's First Amendment right to free speech and expression have been suppressed and violated by virtue of the Burn Ordinance, an official ordinance of the City, since the time of his protest until the present.

36. As a direct and proximate result of such suppression of Stilp's First Amendment right to free speech and expression, Stilp has suffered damages for which he must be compensated.

**WHEREFORE**, Plaintiff Gene Stilp prays the Court to ENTER JUDGMENT in his favor and against the City of Scranton for nominal and compensatory damages for the actual suppression of Stilp's First Amendment rights under the City's Burn Ordinance, attorneys fees pursuant to 42 U.S.C. § 1988, costs of suit and such other relief as is just and equitable.

        Respectfully submitted,

        **METTE, EVANS & WOODSIDE**

        /s/ Aaron D. Martin
By:    _____
        Aaron D. Martin
        Pa. Atty. I.D. 76441
        Sarah E. Straub
        Pa. Atty. I.D. 330748
        3401 North Front Street
        Harrisburg, PA 17110
        (717) 232-5000 (phone)
        (717) 236-1816 (fax)
        admartin@mette.com

        *Attorney for Plaintiff,*
        *Gene Stilp*

Dated: July 28, 2022